## In re BROOKLYN FERRY CO. OF NEW YORK.

### THE ALASKA.

(Circuit Court of Appeals, Second Circuit. February 4, 1903.)

#### No. 51.

1. COLLISION—STEAM VESSELS CROSSING—FAILURE TO CONFORM TO SIGNAL AGREEMENT.

Where a ferryboat, which had stopped and reversed when her second signal of one whistle to a tug on her starboard hand, on a crossing course, was unanswered, afterward received an assenting and then a cross signal from the tug, and assented to the latter, but continued to go backward under reversed engines while the tug was attempting to pass astern of her in accordance with the agreement, she was in fault for the resulting collision, although her navigation up to that time had been careful, and the initial fault was that of the tug in confusing the signals.

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a final decree of the District Court, Eastern District of New York (115 Fed. 564), which divided the damages resulting from a collision between the colliding vessels, the ferryboat Alaska and the dock department tug Richard Croker. The latter vessel did not appeal.

Herbert Green, for appellant.

Jas. C. Cropsey, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. There was conflict in the testimony as to the movements of the vessels and the sequence of signals exchanged. We may, therefore, on this appeal, accept the findings of fact made by the District Judge, who heard and saw the witnesses, especially as he found the facts in accordance with the narrative of the accident given by the appellant's witnesses. He finds that the Alaska was crossing from Greenpoint avenue, Brooklyn, to Twenty-Third street, New York—the Richard Croker coming down the river—and that they were approaching each other on courses which gave the Croker the right of way; that when the vessels were 500 or 600 yards apart the Alaska blew one whistle, to indicate that she would navigate so as to allow the Croker to cross her bows; that, no answer being re-

¶ 1. Signals of meeting vessels, see note to The New York, 30 C. C. A. 630.

ceived, she gave another signal of one whistle, and sheered a little to starboard, but, noticing no change of course by the Croker, the Alaska stopped and reversed; that the Croker then blew one whistle, and immediately thereafter blew a two-blast signal, thereby crossing the Alaska's signal; and announcing a maneuver which would take her across the stern, instead of across the bows, of the ferryboat, and began to navigate in accordance with such signal, sheering slightly to port; that the Alaska answered the two-blast signal immediately with two blasts, but made no further change in her own navigation. The District Judge (115 Fed. 565) condemned her in these words:

"When the Alaska agreed to the two signals, she should have tried to carry them out, and not leave the burden upon the Croker alone. What she did was to go astern, as if she had given an alarm signal, which she did not, but should have given when the first signal was crossed."

In this conclusion as to the propriety of the Alaska's navigation we concur, although she began her navigation with great carefulness, ran at a slow rate of speed, and stopped and reversed when no answer was received to her earlier signals. But manifestly it is faulty navigation to announce that one's boat is directing its course forward to port, when she in fact is backing and making sternway. She cannot be excused for this fault on any theory that it did not contribute to the accident. We are unable to find from the evidence that a forward movement of the engines and a starboard helm ordered at the same time that her two-blast signal was blown would not have so shifted her position that the Croker would have slipped under her stern. The only other suggested excuse is in extremis, but, on the statements of her own witnesses, the boats were too far apart when the two-blast signals were exchanged to excuse her fault on that ground. The one-blast signal of the Croker was instantly followed by her two-blast signal, and the latter at once responded to. The master of the Alaska says that when the Croker blew the one whistle she was from two to three lengths of his boat off (her length is 175 feet), and the lookout of the Alaska says three or four lengths. There seems to have been sufficient space between them when the Croker crossed the Alaska's signal to allow the latter's master to navigate, with a proper exercise of judgment.

The decree of the District Court is affirmed, with interest and costs.